UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,

               Plaintiff,

v.

FOUNTAIN INTL. INVESTMENTS,
INC.,

               Defendant.

_____/

## COMPLAINT

Plaintiff, EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues FOUNTAIN INTL. INVESTMENTS, INC., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 1281, et seq., (hereinafter the "A.D.A".), and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code and alleges as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 1281 et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.      Plaintiff is a resident of the State of Florida and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking standing, standing, grabbing, grasping and/or pinching. Plaintiff is a left leg amputee, from the knee down, and uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      Defendant,  is a foreign corporation authorized to do business in the State of Florida and transacts business within the State of Florida and this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, commonly referred to as a Big Lots shopping center#4225, located at on or about 2100 SW 27th Ave Miami, Florida 33145 (hereinafter the "facility").

4.      Defendant, FOUNTAIN INTL. INVESTMENTS, INC. is a foreign corporation authorized to do business in the State of Florida, and transacts business in the State, and within this judicial district. Defendant in the lessee, and/or operator of the real property and improvements which are the subject of this action, commonly referred to as a medical complex located at on or about 7171 SW 24th Ave Miami, Florida 33145 (hereinafter the "facility").

5.     The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6.     In this instance, Plaintiff visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

7.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

9.     Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10.    Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA

violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11.     Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

a)  There are no access aisles beside the disabled parking spaces in violation of ADAAG 4.6.3

b)  There are permanently attached cones contained within the parking spaces that would hinder proper access to the ramp in violation of ADAAG 4.5.2

c)  There is a lack of signage to designate the disabled parking spaces in violation of ADAAG 4.6.4

d)   There is not a compliant accessible route from the disabled parking spaces to the facility and the accessible entrance in violation of ADAAG 4.3.2.

e)   The designated accessible ramp does not have handrails on either side of the slopes surface in violation of ADAAG 4.8.5

f)   The ramp has a slope greater than 5% which requires extensions at the top and bottom of the ramp in violation of ADAAG 4.8.5

g)   There are restrooms at the facility that are inaccessible due to, among other things the door width of the restroom doors are too narrow, the door hardware is not compliant and the mirrors are above the maximum height allowance. The toilet and sink are not compliant including sink hardware, toilet seat height, toilet flush lever and lack of insulated pipes under sink, non-compliant clear floor space and turning radius within the restrooms, non-compliant or a lack of compliant grab bars in the restrooms, in violation of ADAAG 4.22 and 4.13.9.

13.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14.     Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations se forth above, and expects to be discriminated against in the future, unless

and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

15.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

16.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. § 12205 and 12217.

18.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering

Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,


s/Lauren Wassenberg

LAUREN WASSENBERG, ESQ.

Florida Bar No.  0034083
429 Lenox Avenue Suite 4W23
Miami Beach, Florida 33139
Ph: (305) 537-3723
*Attorney for Plaintiff*